Van Brunt, P. J.
The defendant in this action was appointed committee of the estate of one Oscar Strasburger, a lunatic, which estate was insolvent. The plaintiffs were the owners of the property Nos. 443 and 445 Broadway, which they had leased to the said Strasburger, from December, 1880, until January 1st, 1886, and said Strasburger was in possession of said premises at the time that he was declared a lunatic. The committee attempted to surrender *2 the possession of the premises to the landlord, but the landlord refused to accept such surrender, claiming that the amount of rent reserved in the lease to Strasburger was a claim against the committee as such, and should be paid in full. The committee after such attempted surrender refused to have anything to do with the premises, and the landlord did not take possession of the same or accept the surrender, and claimed the rent from the committee and took legal proceedings to collect the same. Pending these legal proceedings, evidently for the purpose of lessening the damage which would be sustained, stipulations were entered-into between the parties, by which the premises were rented, and the rent was agreed to be paid by a certified check, payable to the order of the plaintiff’s attorney and the committee, jointly. It was further stipulated that the same should be deposited in the American Loan and Trust Company until the final determination of the controversy, and that the assent of either party to this agreement should not in any respect alter their legal position, and that on the determination of the questions at difference between the parties, both parties should join in transferring to the party held to be in possession of the premises. The result of the litigations was that the claim for rent by the plaintiffs was held not to be a disbursement which the committee was required to make, but that it was simply a claim against the lunatic’s estate which must be paid pro rata with the other claims against his estate. A demand having been made upon the committee to endorse and transfer the said checks, and that demand being refused, this action was brought to. compel an endorsement of said checks and a transfer of the money to the plaintiff, the landlord, and to restrain the defendant from attempting to collect any rents due from the sub-tenants in said building.
It appears clearly from the record in this case that the defendant claimed that he had never been in possession or control of the premises, and that therefore he was not hable for the rent to the landlord. If the committee was not in possession of the premises he certainly has no claim for any rents which accrued subsequent to the time of the abandonment of possession by him or by his. predecessor. The terms of the stipulation provide that this rent shall be paid over to the party held to be in possession of the premises. This language undoubtedly referred to the contest which existed between the committee and the landlord; the landlord claiming that the attempted surrender by the committee not having been accepted, he was to be held as still in possession of the premisses, and the tenant claiming that being out of possession he was not liable for the rent. If therefore the result of the contest was a holding that the *3 committee was not in possession and not liable for the rent, the landlord, was under the language of the stipulation presumed to be held to be in possession and entitled to the rent. If this is not the construction to be placed upon this stipulation, this curious result follows that the committee not being in possession and therefore not hable for rent is allowed to collect rents of tenants in possession of the premises upon the theory that he is the landlord of such tenants. If the committee was not in possession either actual or constructive, then the persons in occupation cannot be his tenants, and the only party entitled to the possession of the premises under those circumstances being the landlord, such persons must necessarily be presumed to be the tenants of the landlord. It therefore follows that within the spirit of the stipulation referred to the landlord is entitled to collect the rent from those sub-tenants, and that the committee being relieved from the burden imposed by the lease because of not having taken possession cannot be allowed to reap the benefits which could only accrue to the assertion of a right of possession.
The judgment appealed from must therefore be reversed and a new trial ordered, with costs to appellant to abide the event.
Brady, J., concurs.